Samuel Babin, J.
Motion by the plaintiff for summary judgment or in the alternative for partial summary judgment in an action to recover the deficiency in the amount due after a sale of collateral security.
*1063 The opposing affidavit does not raise any issue as to the defaults and that the plaintiff declared the entire principal balance in the sum of $16,600, with interest at 5% from June 1, 1960, to be immediately due and payable. The defendants contend that the plaintiff is not entitled to any deficiency under the facts presented because the sale which resulted in such deficiency was irregular and not in accordance with the statute in such ease made and provided and that in any event the $1,000 expenses of such sale claimed by the plaintiff is excessive.
The agreement pursuant to which the shares of stock were deposited as collateral in substance provided that upon the default in the performance of any of the terms and covenants thereof the plaintiff may sell the deposited stock, or any part thereof, at public or private auction sale on 15 days’ notice in writing to the defendants of the date and place of such sale; that the proceeds of such sale shall apply to the payment of the expenses incident thereto, including reasonable counsel fees and for the payment of the principal and interest upon the promissory note, and the surplus, if any, shall be paid to the defendants.
A written notice was admittedly served upon the defendants on March 25, 1960, declaring the entire principal balance to be immediately due and payable and demanding payment thereof on or before April 5, 1960, in default of which shares of stock would be sold at public sale to the highest bidder at the entrance of the County Courthouse in Kingston, New York, on April 20,1960, at 1:00 o’clock in the afternoon of that day. The plaintiff also caused a notice of sale of said shares of stock to be published in the Kingston Daily Freeman on April 6 and 13, 1960.
Payment not having been made in accordance with the foregoing notice, the sale proceeded at the time and place designated. The defendants and their attorney then and there refused a final demand of payment, whereupon the shares of stock were offered for sale. Through their attorney the defendants bid at the sale until they offered the sum of $5,500. When they refused to bid further, one Samuel Gfruskin bid the sum of $6,000, and there being no further bids the shares of stock were sold to him. After deducting the alleged cost of such sale and reasonable counsel fees totaling $1,000, the net sum of $5,000 realized was applied against the indebtedness, which at that time with interest totaled $17,230, leaving a deficiency of $12,230 here sought to be recovered.
Since written notice of the sale was given to the defendants in compliance with the provisions of the collateral agreement and they participated in such sale by bidding thereat, they cannot be heard now to complain that the notice of sale pub- *1064 listed in the local newspaper was untimely by one day, there being no requirement for such publication in said collateral agreement. (See General Phoenix Corp. v. Cabot, 300 N. Y. 87, 94.) Nor is there any merit to the defendants’ contention that section 1083 of the Civil Practice Act, which governs the procedure for obtaining a deficiency judgment in an action to foreclose a mortgage on real property, is applicable to a sale of stock certificates pledged as collateral.
As for the claim that the $6,000 bid made by Mr. Gruskin was inadequate, it is clear that the defendants, who had bid up to $5,500, declined to bid more when requested to make further bids. While Mr. Gruskin, who made the final bid, had once been a stockholder, officer and director of the plaintiff corporation, it is not denied that he ceased to be such on January 1, 1957, more than three years prior to the sale and, in any event, the collateral agreement expressly contemplated that the plaintiff might be ‘ ‘ the successful bidder and purchase the whole or any part of the collateral ”.
The only issues of fact that the court finds presented by the papers before it concern the claim for expenses in the sum of $1,000, which cannot be disposed of summarily. The plaintiff is, however, entitled to partial summary judgment for the balance of its demand.